UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ANTHONY MEDIGO, <br><br> Defendant. | Case No.:  20 cv 9634 <br><br> **ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** |

Upon the Summons and Complaint, dated November 16, 2020, the supporting Declarations of Nikki Gainey, James Gilmore, Maria Nuphaus, and Eric A. Savage, Esq., and the exhibits annexed thereto, and Memorandum of Law of Plaintiff Siemens Medical Solutions USA, Inc. in Support of its Motion for a Temporary Restraining Order, a Preliminary Injunction, and Expedited Discovery, and pursuant to Federal Rule of Civil Procedure 65, it is hereby:

ORDERED, that Defendant Anthony Medigo ("Medigo") show cause before this Court, at Room ____, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on November ___, 2020, at ____ o'clock in the __.m., or as soon thereafter as counsel can be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

    i. Enjoining and restraining Defendant Medigo, and any person or entity acting in concert with him or under his supervision, through July 1, 2021, and as extended during any period that Medigo has breached his obligations to Siemens Medical Solutions USA, Inc. ("Siemens Healthineers"), from (a) continuing employment with NuVera Medical, Inc. or any parent, subsidiary or affiliate corporation, and (b) providing, managing, or supervising services that (i) are the same as, similar to, or comparable in function or purpose to the services Medigo provided to Siemens

        Healthineers in the two years immediately preceding his last two years of employment with Siemens Healthineers; (ii) involve the sale, servicing or development of a product or service that competes with a product or service, existing or under development, that Medigo had involvement with or was provided confidential information about during his last two years of employment with Siemens Healthineers, including Siemens Healthineers' intracardiac echo catheters, including the 2D ICE Catheter, the AcuNav V ICE Catheter and the AcuNav Volume ICE Catheter (collectively the "ICE Catheters"); (iii) involve, on behalf of a competing business, including NuVera Medical, Inc., material involvement in business dealings with any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens Healthineers; or (iv) would otherwise be likely to involve the use or disclosure of Siemens Healthineers' confidential information; and

  ii.  Enjoining and restraining Defendant Medigo, and any person or entity acting in concert with him or under his supervision, from possessing, using, disclosing or disseminating Siemens Healthineers' confidential information; and

  iii.  Enjoining and restraining Defendant Medigo, and any person or entity acting in concert with him or under his supervision, through July 1, 2021, and as extended during any period that Medigo has breached his obligations to Siemens Healthineers, from soliciting or participating in the solicitation of any person or entity doing

business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens Healthineers, for the purpose of (a) diverting business opportunities away from Siemens Healthineers; (b) causing any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens, to avoid, stop or reduce business activities with Siemens Healthineers; or (c) inducing any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens, to do business with NuVera Medical, Inc. or any parent, subsidiary or affiliate corporation; and

iv. Enjoining Defendant Medigo, and any person or entity acting in concert with him or under his supervision, from any other actions in violation of Defendant Medigo's contractual obligations or fiduciary duties owed to Siemens Healthineers.

ORDERED, that sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant Medigo, and any person or entity acting in concert with him or under his supervision, is temporarily restrained and enjoined from:

i. working for NuVera Medical, Inc., or any parent, subsidiary or affiliate corporation thereof,

ii. providing, managing, or supervising services that (i) are the same as, similar to, or comparable in function or purpose to the services Medigo provided to Siemens Healthineers in the two years immediately preceding his last two years of employment with Siemens Healthineers; (ii) involve the sale, servicing or development of a product or service that competes with a product or service, existing or under development, that Medigo had involvement with or was provided confidential information about during his last two years of employment with Siemens Healthineers, including the ICE Catheters; (iii) involve, on behalf of a competing business, including NuVera Medical, Inc., material involvement in business dealings with any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens Healthineers; or (iv) would otherwise be likely to involve the use or disclosure of Siemens Healthineers' confidential information; and

iii. possessing, using, disclosing or disseminating Siemens Healthineers' confidential information; and

iv. soliciting or participating in the solicitation of any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens Healthineers, for the purpose of (a) diverting business opportunities away from Siemens Healthineers; (b) causing any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens, to avoid, stop or reduce business activities with Siemens Healthineers; or (c) inducing any person or entity doing business with Siemens Healthineers, negotiating to do business with Siemens Healthineers, or to whom a proposal to do business was pending at the time Medigo's employment with Siemens Healthineers ended (i.e., July 1, 2020), and that Medigo had business dealings with, managed business dealings with, or was provided or had access to confidential information about, during the last two years of employment with Siemens, to do business with NuVera Medical, Inc. or any parent, subsidiary or affiliate corporation; and

      v.    any other actions in violation of Defendant Medigo's contractual obligations or fiduciary duties owed to Siemens Healthineers.

ORDERED, that the Plaintiff shall be permitted to seek discovery from Defendant Medigo on an expedited basis, including (a) taking the deposition of Defendant Medigo, (b) a third-party deposition of NuVera Medical Inc. pursuant to FRCP 30(b)(6) on the issues of (i) its recruiting and hiring of Defendant Medigo, and (ii) Defendant Medigo's duties, responsibilities and activities while in the employ of NuVera Medical Inc. from the inception thereof until the date of examination, and (c) production of documents related to the aforesaid, said discovery to be completed by no later than _____, 2020; and it is further

ORDERED that pending the hearing of this motion, Defendant Medigo shall immediately return to Plaintiff all originals and copies now in his possession, custody or control of all documents and electronic records reflecting or containing confidential or proprietary information of Siemens Healthineers; and it is further

ORDERED that Siemens Healthineers shall not be required to post any bond or undertaking in connection with the within temporary restraining order; and it is further

ORDERED, that the restraints herein shall remain in full force and effect for fourteen days from the date hereof, without prejudice to Siemens Healthineers' right to seek to extend same pursuant to FRCP 65;

ORDERED, that service of a copy of this Order and the papers on which it is based upon Defendant Medigo by email before 5:00 p.m. on November ___, 2020 shall be deemed good and sufficient service; and it is further; and it is further

ORDERED, that answering affidavits, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than ___ a.m./p.m. on November ___, 2020,

and reply affidavits, if any, must be served by hand or by email upon Defendant Medigo or is his counsel of record, if any, no later than ____ a.m./p.m. on November ____, 2020.

SO ORDERED:

Dated: November 17, 2020
      New York, New York

                                                              _____