

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Eric A. Savage
212.583.2695 direct
212.583.9600 main
esavage@littler.com

November 19, 2020

**VIA ECF & EMAIL** @ OetkenNYSDChambers@nysd.uscourts.gov
Hon. J. Paul Oetken, U.S.D.J.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    **Siemens Medical Solutions USA, Inc. v. Anthony Medigo,**
      No. 20 Civ. 9634 (JPO) (SDNY)

Judge Oetken:

This firm represents Plaintiff Siemens Medical Solutions, USA, Inc. ("Siemens Healthineers") in the above-referenced action. We write, pursuant to Paragraph 2(E) of the Court's Individual Practices, to request to: (i) file redacted versions of previously filed documents under Docket Entry Nos. 1, 5, 6, 7, & 8; and (ii) file under seal the non-redacted versions which are submitted herewith.

Plaintiff seeks to redact financial and business information, such as sales revenues, sales forecasts, market share, and monetary investments in product development, as well as confidential business relationships and research based on such relationships, on the grounds that such information constitutes confidential and trade secret information the disclosure of which may injure Plaintiff, as set forth in greater detail in Plaintiff's Memorandum of Law in support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery. (See Docket Entry No. 5 at pp. 18-19)  The financial and business information at issue here is not publicly reported.  Moreover, the identity and affiliation of a key opinion leader, a customer with whom the Company has developed a relationship, and our research on industry feedback on a competitor's product would place the Company at a competitive disadvantage.

Although there is a presumption in favor of public access to judicial documents, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), filing  such proprietary and trade secret information under seal is appropriate pursuant to Paragraph 2(E)(i) of the Court's Individual Practices.  As courts have recognized, a party's interest in protecting confidential business information may outweigh the presumption of public access.  See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Inds., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's order protecting from disclosure redacted financial data upon finding potential financial harm); In re Digital Music Antitrust Litig., 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("internal pricing strategies and competitive pricing data [are] sufficiently sensitive to

warrant redaction"); <u>Hesse v. Sungard Sys. Int'l</u>, No. 12 Civ. 1990 (CM), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing emails that "include sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing"); <u>Avocent Redmond Corp. v. Raritan Americas, Inc.</u>, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. Jul 31, 2012) (sealing "confidential employment information, the disclosure of which could affect future contract negotiations" and "confidential business information – market forecasts, sales, inventory management, profit margins, etc. – the disclosure of which would cause competitive harm"); <u>see also</u> <u>Theallet v. H&M Hennes and Mauritz, L.P.</u>, No. 20 Civ. 2212 (GHW), 2020 WL 4194898 (S.D.N.Y. July 20, 2020) (granting motion to redact the dollar amount of profits from sales of allegedly infringing garments, which counsel disclosed during court hearing); <u>Encyclopedia Brown Productions v. Home Box Office</u>, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (granting motion to seal where the "[movant] would suffer irreparable harm from disclosure of the confidential [business] information").

More specifically, Plaintiff seeks to redact the following categories of information:

- Sales revenues generated pursuant to an agreement with one of Plaintiff's customers;

    o Docket Entry No. 1 (Complaint) at ¶ 7, a proposed redacted version is attached hereto as Exhibit A

    o Docket Entry No. 5 (Memorandum of Law) at p. 23, a proposed redacted version is attached hereto as Exhibit B

    o Docket Entry No. 6 (Gainey Declaration) at ¶ 4, a proposed redacted version is attached hereto as Exhibit C

    o Docket Entry No. 7 (Gilmore Declaration) at ¶ 3, a proposed redacted version is attached hereto as Exhibit D

- Market share and sales forecasts;

    o Docket Entry No. 1 (Complaint) at ¶ 12

    o Docket Entry No. 5 (Memorandum of Law) at pp. 1

    o Docket Entry No. 7 (Gilmore Declaration) at ¶ 7

- Plaintiff's development investments;

    o Docket Entry No. 1 (Complaint) at ¶ 11

    o Docket Entry No. 7 (Gilmore Declaration) at ¶ 7

- Confidential business relationships and research;

    o Docket Entry No. 6 (Gainey Declaration) at ¶¶ 18, 19, 20

Additionally, Plaintiff seeks to redact compensation payments made to Plaintiff, as well as tax deduction information, on the grounds that such information constitutes "individual financial information" that may be redacted pursuant to Paragraph 2(E)(i). Finally, Plaintiff seeks to redact Plaintiff's home address in compliance with the Court's Individual Practices and the Southern District of New York's ECF Privacy Policy.

- Defendant's financial information, including compensation and tax deductions; and

    o Docket Entry No. 1 (Complaint) at ¶¶ 34, 36, 39, 40, 62

    o Docket Entry No. 5 (Memorandum of Law) at pp. 1, 15, 24

    o Docket Entry No. 8 (Nuphaus Declaration) at ¶¶ 7, 9, a proposed redacted version is attached hereto as Exhibit E

    o Docket Entry No. 8-2 (Nuphaus Declaration Exhibit B) at ¶¶ 2, 5, a proposed redacted version is attached hereto as Exhibit F

    o Docket Entry No. 8-3 (Nuphaus Declaration Exhibit C) at pp. 1-2, a proposed redacted version is attached hereto as Exhibit G

    o Docket Entry No. 8-4 (Nuphaus Declaration Exhibit D) at pp. 1-2, a proposed redacted version is attached hereto as Exhibit H

- Defendant's home address.

    o Docket Entry No. 8-3 (Nuphaus Declaration Exhibit C) at p. 1

    o Docket Entry No. 8-4 (Nupahus Declaration Exhibit D) at p. 1

We remain available at the Court's convenience for any questions or conference which may be necessary.

Respectfully submitted,

*/s/ Eric A. Savage*

Eric A. Savage

Cc:    Ethan A. Brecher, Esq.
        Law Office of Ethan A. Brecher, LLC
        600 Third Avenue, 2nd Floor
        New York, New York 10016
        Tel.: 646.571.2440
        Fax: 888.821.0246
        ethan@ethanbrecherlaw.com
        *Attorney for Defendant*