UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SIEMENS MEDICAL SOLUTIONS USA, INC.,

          Plaintiff,

    v.

ANTHONY MEDIGO,

          Defendant.

Index No. 20-cv-9634-JPO

**DECLARATION OF
TODOR JELIASKOV**

------------------------------------------------------------------x

I, Todor Jeliaskov, do hereby swear and affirm as follows:

## Introduction

1. I am over 18 years of age. I make this Declaration based on personal knowledge. If called and sworn as a witness, I would testify completely to these facts. I understand that this Declaration is being submitted in opposition to the application by Siemens Medical Solutions ("Siemens") to restrain Anthony Medigo from competing against Siemens.

2. I am the President and CEO of NuVera Medical, Inc. ("NuVera") and have been in this role at all relevant times.

## By Suggesting NuVera Should Hire Mr. Medigo, Siemens Waived Any Non-Competition Obligation

3. I have reviewed the Declaration of Nikki Gainey submitted in support of Siemens' application. I have known Ms. Gainey for many years, going back to our common prior employment at General Electric.

4. In connection with my role at NuVera and Ms. Gainey's role at Siemens, I have had numerous interactions with her over the last three years, discussing, among other things,

1

possibilities for NuVera and Siemens to do business together. Based on our interactions, I am confident that Ms. Gainey is well aware of NuVera's business and my role in leading NuVera.

5. In reviewing Ms. Gainey's Declaration, I found various aspects of her testimony to be inconsistent with the truth. In particular, as explained further below, I found her testimony that she was "surprised" in September 2020 that Mr. Medigo was working for NuVera to be implausible.

6. On August 19, 2020, Ms. Gainey reached out to me by text message and we subsequently spoke that day. After we chatted about NuVera's product and NuVera's clinical cases in Europe the same week, Ms. Gainey mentioned to me, in substance, that she knew that I had met with Anthony Medigo several weeks earlier, that he is "great" and that I should consider hiring him. I had not solicited any such recommendation from Ms. Gainey – she, of her own volition and without any prompting by me, raised the possibility of Mr. Medigo working for NuVera and encouraged it. In fact, the decision to hire Mr. Medigo was largely supported by Ms. Gainey's positive feedback about Mr. Medigo.

7. I understand from Ms. Gainey's Declaration that she became aware of Mr. Medigo's association with NuVera in September 2020. Although her Declaration paints a picture of deep concern over potential unfair competition, Ms. Gainey never contacted me again about Mr. Medigo following the August 19 call when she recommended that NuVera hire him. Given our friendly relationship, I am confident she knew she could call me at any time if she felt that Mr. Medigo's work for NuVera was problematic.

8. Further, neither Ms. Gainey nor anyone from Siemens contacted me after I sent a letter on October 12, 2020 to Heather Hoyt, Esq., a lawyer at Siemens who had sent a letter to

Mr. Medigo suggesting that his association with NuVera was unlawful. A true and correct copy of my October 12, 2020, letter to Ms. Hoyt is attached hereto as Exhibit A.

9. In my October 12, 2020 letter to Ms. Hoyt, I provided robust assurances to Siemens that any confidential information Mr. Medigo may have been privy to at Siemens was not at risk at NuVera. Among other assurances, I explained that Mr. Medigo had "represented to me that he did not take any confidential or proprietary documents or information of Siemens Healthineers, and, based on our inquiries into the matter, we have no reason to doubt his representation." Based on my experiences with Mr. Medigo since that letter was sent, I continue to believe that Mr. Medigo did not take any information of Siemens and, further, I am not aware of Mr. Medigo using or disclosing any information of Siemens in connection with his work for NuVera and I believe that he has not made any such use or disclosure. Indeed, as I explained to Ms. Hoyt in my October 12, 2020 letter, prior to her contacting Mr. Medigo, he had "already promised in writing that, in connection with his service to NuVera Medical, he would not breach any obligations regarding such information and would not use or disclose any information belonging to prior employers." (See Exhibit A hereto.)

10. If Ms. Hoyt, Ms. Gainey or anyone else at Siemens had genuine concerns about Mr. Medigo's work for NuVera, they certainly could have raised them to me at any time prior to filing their lawsuit against Mr. Medigo. Moreover, throughout my interactions with Ms. Gainey and Mr. Medigo, I was always under the impression that Mr. Medigo did not have any contractual non-competition obligations that would prevent him from working for NuVera, a point which I raised in my October 12, 2020, letter to Ms. Hoyt and which was never responded to, much less refuted, by Siemens.

11.     The facts that Ms. Gainey made an unsolicited recommendation to me to hire Mr. Medigo in August, learned he was working for NuVera in September, and then never contacted me at any time after my October letter, belie Siemens' purported concern for unfair competition.

**Siemens' Application Is Moot Because**
**Mr. Medigo Is No Longer Performing Any Services for NuVera**

12.     I understand that Siemens' application seeks to prevent Mr. Medigo from working for NuVera. Although the application palpably lacks merit based on the above, Siemens' application is unnecessary and moot because Mr. Medigo is no longer providing services to NuVera or any of its affiliates.

13.     Unconnected to any issues raised by Siemens, I recently informed Mr. Medigo that his services would no longer be needed following an upcoming corporate reorganization expected to occur next month. Mr. Medigo and I had an amicable discussion about this and he will be leaving on good terms.

14.     So as to avoid any frivolous allegations by Siemens about unfair competition, upon learning of Siemens' lawsuit, I informed Mr. Medigo that he should cease all active work for NuVera immediately. I followed up to document this to Mr. Medigo in writing in a letter dated November 18, 2020, a true and correct copy of which is attached hereto as Exhibit B.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2020

*Todor Jeliaskov*
_____
Todor Jeliaskov